IN THE DISTRICT COURT IN AND FOR SEQUOYAH COUNTY
STATE OF OKLAHOMA

ERNEST JAMES YOUNG, decedent; through )
surviving spouse MICHELLE YOUNG; and )
daughter and heir, AMANDA FRIES, )
)
      Plaintiffs, )   Case No. CJ-22-41
)
v. )
)
KERR-MCGEE CORP., a Delaware )
Corporation; )
ANADARKO PETROLEUM CORP., a )
Delaware Corporation; )
OCCIDENTAL PETROLEUM CORP., )
A Delaware Corporation; )
KERR-MCGEE NUCLEAR CORP., a )
Delaware Corporation; )
SEQUOYAH FUELS CORP., a )
Delaware Corporation; and )
GENERAL ATOMICS, a California )
Corporation, )
)
      Defendants. )

SEQUOYAH COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT
APR 08 2022
GINA L. COX, COURT CLERK
BY _____ DEPUTY

## PETITION

COME NOW Michelle Young and Amanda Fries, Plaintiffs, for their claims against Kerr-McGee Corp., Anadarko Petroleum Corp., Occidental Petroleum Corp., Ker-McGee Nuclear Corp., Sequoyah Fuels Corp., and General Atomics, ("Defendants"), state and allege as follows:

### PARTIES, JURISDICTION AND VENUE

1. Michelle Young is the surviving widow of Ernest James Young.

2. Mr. Young passed away on April 9, 2020, as a result of Defendants' acts and omissions.

3. Amanda Fries is the daughter and heir of decedent Ernest James Young.

EXHIBIT 1

4. This action is prosecuted by and through Ernest James Young's surviving spouse and daughter.

5. Ernest James Young, deceased, lived in Gore, Oklahoma for approximately the first twenty-two (22) years of his life, and during this timeframe was exposed to uranium, uranium-containing contaminants and other toxic substances.

6. In approximately August of 2018, Mr. Young, deceased, was diagnosed with pancreatic cancer from which he died on April 9, 2020.

7. Defendant Kerr-McGee Corporation is a Delaware Corporation. Defendant Kerr-McGee Corporation's registered Oklahoma service agent is The Corporation Company, 1833 S. Morgan Road, Oklahoma City, OK 73128.

8. Defendant Anadarko Petroleum Corporation is a Delaware Corporation. Defendant Anadarko Petroleum Corporation's registered Oklahoma service agent is The Corporation Company, 1833 S. Morgan Road, Oklahoma City, OK 73128.

9. Defendant Occidental Petroleum Corporation is a Delaware Corporation. Defendant Anadarko Petroleum Corporation's registered Oklahoma service agent is The Corporation Company, 1833 S. Morgan Road, Oklahoma City, OK 73128.

10.

11. Defendant Kerr-McGee Nuclear Corporation is a Delaware Corporation. Kerr-McGee Nuclear Corporation's registered Oklahoma service agent is the Oklahoma Secretary of State, 2300 N. Lincoln Blvd., Rm 101, Oklahoma City, OK 73105.

12. Defendant Sequoyah Fuels Corporation is a Delaware Corporation. Sequoyah Fuels Corporation's registered Oklahoma service agent is The Corporation Company, 1833 S. Morgan Road, Oklahoma City, OK 73128.

13. Defendant General Atomics is a California Corporation. General Atomics registered Oklahoma service agent is The Corporation Company, 1833 S. Morgan Road, Oklahoma City, OK 73128.

14. This Court has subject matter jurisdiction of this action and the parties hereto.

15. Venue is proper in Sequoyah County as all of the toxic exposures about which Plaintiffs complain occurred in Sequoyah County, Oklahoma near the site of the Sequoyah Fuels Nuclear Plant.

## GENERAL FACTS

16. Sequoyah Fuels owned and operated a uranium processing plant, the Sequoyah Fuels Nuclear Plant ("Plant") near Gore, Oklahoma, close to the Illinois River, Arkansas River, and Interstate 40.

17. The Plant began operation in 1970.

18. At that time, the Plant was owned and operated by Sequoyah Fuels, a subsidiary of Kerr-McGee Nuclear Corp.

19. In 1988, Kerr-McGee sold Sequoyah Fuels to General Atomics.

20. In 2006, Anadarko Petroleum Corp. acquired Kerr-McGee Corp.

21. In 2019, Occidental Petroleum Corp acquired Anadarko Petroleum Corp.

22. Within the state of Oklahoma, Defendants were engaged in the business of turning crushed uranium ore into a fine powder to be used for the manufacture of fuel rods for nuclear reactors.

23. The Plant also produced the prime ingredient for the dense and radioactive uranium metal that is used to manufacture armor-piercing bullets and shells.

24. Nuclear plants have been known to produce dangerous concentrations of toxic gases.

25. The Defendants mishandled and released hazardous and toxic contaminants at the Plant site, and the toxic contaminants migrated beyond the Plant site through groundwater and air.

26. Defendants' acts and omissions between approximately 1970 and 1993 caused the release of hazardous, toxic, and radioactive substances into the environment in and around Gore, Oklahoma, thereby contaminating the air, soil, surface water, and groundwater in the area.

27. The Defendants operated the Plant with poorly trained workers, poorly maintained equipment and a disregard for safety, the environment, and the lives of human beings.

28. High concentrations of uranium in water at the bottom of a construction pit at the Plant was discovered in 1990 by a United States government investigator from the nuclear agency's field office in Arlington, Texas.

29. Upon information and belief, the Plant's storage ponds containing contaminated material continuously leaked toxins into the groundwater.

30. Government investigators uncovered documents and other evidence that Defendants had known for years that uranium was leaking into underground waters.

31. Further, toxic gas leaked from the Plant.

32. Defendants have been sanctioned through the years for violations of nuclear safety and environmental rules.

33. An accident involving the release of toxins occurred in 1992, and the Plant ceased production operations in 1993 and was decommissioned.

34. Sequoyah Fuels was repeatedly cited by the United States Government for violations of nuclear safety and its role in contaminating the Arkansas River and groundwater.

35. Ernest James Young ("Mr. Young") was born on July 17, 1962, in or around Gore, Oklahoma. From the date of his birth, Mr. Young lived in Gore, Oklahoma for approximately twenty-two (22) years, from 1962-1984.

36. Mr. Young grew up in homes in or around four miles of the Plant.

37. Mr. Young's home had no running water for approximately the first twenty-two (22) years of his life.

38. Mr. Young, for approximately the first twenty-two (22) years of his life, drank contaminated groundwater from a well, and swam, played, and fished in the surrounding contaminated water, including nearby ponds, Tenkiller Lake, the Arkansas River, and the Illinois River.

39. Mr. Young's diet throughout his developmental years consisted of vegetables grown near his home in the contaminated soil, area livestock, and contaminated fish from the nearby lake, ponds, and rivers.

40. The Plant was the source of the groundwater, surface water, and soil contamination.

41. Mr. Young, from the time he was a young boy until the time he was around twenty-two (22), worked at a store across the street from the Plant.

42. Mr. Young, from the time he was a young boy until the time he was around twenty-two (22), worked in a field beside the Plant. In the field, Mr. Young spent long hours cutting and baling hay.

43. During Mr. Young's developmental years, he spent all of his time in close proximity to the Plant drinking contaminated water, swimming in contaminated water, eating food grown in contaminated soil, and breathing toxic gases.

44. Mr. Young, in close proximity to the Plant site, regularly engaged in outdoor activities, drank contaminated water, and consumed food grown in contaminated soil.

45. Subsequently, Mr. Young was diagnosed with pancreatic cancer and resultantly died.

46. Defendants' contamination of Mr. Young's environment was the proximate cause of his cancer and death.

## FIRST CLAIM: NEGLIGENCE

47. Plaintiffs incorporate by reference the allegations in the preceding paragraphs of this Petition.

48. At all relevant times Defendants owed Plaintiffs a duty to exercise reasonable care in using, handling, processing, refining, storing, disposing, releasing, and discharging Plant site contaminants.

49. Defendants knew, or should have known, that their actions could result in damage and injury to Plaintiffs.

50. Defendants further owed a duty to exercise reasonable care to disclose the presence of these contaminants and the risks that they posed, and what Defendants knew about the presence and risks of the Plant site toxic contaminants.

51. These duties to exercise reasonable care arose out of the common law as well as relevant Federal and Oklahoma statutes, and relevant Federal and Oklahoma environmental regulations.

52. As a direct result of Defendants' negligence, reckless, willful and wanton conduct, and/or negligence per se, Mr. Young was exposed to deadly toxins which caused his death.

53. Mr. Young suffered bodily injury, sickness, and disease, as a direct and proximate result of his exposures.

54. Defendants are liable to Plaintiffs for wrongful death caused by negligence.

55. As this is an action for wrongful death of an adult, Plaintiffs advise that all damages recoverable by law are sought, including those listed in OUJI 3d 8.1 and those identified in Oklahoma's wrongful death statutes and /or common law. Many of these items of recovery are among the elements for the jury to consider in fixing the amount of damages to award Plaintiffs. Plaintiffs are unable to guess or speculate as to what amount of damages a jury might award. Plaintiffs are in the process of accumulating the documentation and data necessary to calculate the loss of earning/financial contribution, burial expenses, household services, and any other economic damages capable of being specifically calculated and will provide the same to defendant when received. Other than the amounts which Plaintiffs have specifically identified, and which are capable of being ascertained to some degree of certainty, Plaintiffs are unable to guess or speculate as to what amount of damages a jury might award. The elements for the jury to consider include, but are not limited to the following:

    a. The medical and burial expenses;

    b. The loss of financial support of contributions of money to the family of Mr. Young;

    c. The grief of the surviving spouse and family;

    d. The loss of society, services, companionship, and marriage relationship of the spouse;

    e. The grief of the children and grandchildren of Mr. Young;

    f. Pain and suffering of Mr. Young;

    g.    Loss of companionship and parental care, training, guidance, or education that would have been forthcoming from Mr. Young to his children and grandchildren, and the loss of companionship to his children and grandchildren; and

    h.    All damages pursuant to OUJI 3d 8.1.

44.    The acts and/or omissions of Defendants, whether singularly or in combination, were a direct and proximate cause of the damages sustained by Mr. Young and his heirs. Plaintiffs seek recovery of all damages allowed under Oklahoma's wrongful death statute and the pre-death conscious pain and suffering/fear/anticipation of death and/or serious injury.

45.    The negligence of Defendants, as described above, was not merely negligent, but also willful, wanton, reckless, or at the very least, in reckless disregard of the rights of others, including Ernest James Young, such that Defendants should be liable for punitive damages.

## SECOND CLAIM: STRICT LIABILITY, ABNORMALLY DANGEROUS ACTIVITY

46.    Plaintiffs incorporate by reference the allegations in the preceding paragraphs of this Petition.

47.    Defendants are strictly liable for Mr. Young's wrongful death because various products processed, refined, and transported by Defendants contained uranium which is used in producing defense ammunition and fuel for nuclear reactors.

48.    Defendants, by using, processing, disposing of, not controlling, and then failing to properly identify, contain, warn, abate, remediate, and ultimately disclose the presence of toxic contaminants have engaged in an activity that is abnormally dangerous, ultrahazardous, and constitutes inherently or intrinsically dangerous activities for which they are strictly liable to the Plaintiffs.

49. The toxic contaminants are not commonly used and are typically used in producing fuel rods for nuclear reactors. The likelihood that the harm that results from the Defendants' activities will be great is based on the fact that the hazardous chemical contamination presents serious health risks, including cancer.

50. The contaminants used by the Plant readily and rapidly contaminated the soils, groundwater, and air in the vicinity of the Plant. Because of these characteristics and the serious and known health consequences associated with exposure, Defendants' use of the toxic contaminants, including uranium, created a high degree of risk to Mr. Young, who lived, worked, and recreated amongst the contaminants.

51. Defendants' processing, refining, storage and inadequate abatement and remediation of the contaminated soil and groundwater and Defendants' failure to properly investigate, identify, abate, remediate, and warn Mr. Young, was not appropriate activity.

52. As a direct and proximate result of Defendants' conduct, Mr. Young suffered actual damages and injuries including economic losses and pain and suffering.

53. Separate and apart from acting negligently, at all times Defendants' abnormally dangerous activities caused injury and damages to the Plaintiffs through acts and omissions actuated by actual malice and/or accompanied by a reckless, wanton and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

### THIRD CLAIM: PUNITIVE DAMAGES

56. Plaintiffs incorporate by reference the allegations in the preceding paragraphs of this Petition.

54. Because Defendants' conduct was intentional, malicious, grossly negligent, and reckless, Plaintiffs seek punitive damages.

9

WHEREFORE, Plaintiffs seek judgment against Defendants, jointly and severally, for a sum of money in excess of $75,000.00, and for punitive and exemplary damages, fees and costs, prejudgment interest, and such further relief as may be proper.

Dated: April 8, 2022.

Respectfully submitted,

By: _____

R. Brent Blackstock, OBA No. 00839
Cheryl M. Thigpen, OBA No. 17106
Mid-Continent Tower, Suite 500
401 S. Boston Ave.
Tulsa, OK 74103
(918) 383-0777, (918) 699-0325 (fax)
Brent@BrentBlackstock.com
Cheryl@BrentBlackstock.com
**ATTORNEYS FOR PLAINTIFFS**

**ATTORNEYS LIEN CLAIMED**                **JURY TRIAL DEMANDED**