IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

ERNEST JAMES YOUNG, *Decedent, through Surviving Spouse* MICHELLE YOUNG; *and Daughter and Heir*, AMANDA FRIES,

    *Plaintiffs,*

vs.

KERR-McGEE CORP., *et al.*,

    *Defendant.*

Case No. 22-280-EFM

**MEMORANDUM AND ORDER**

Plaintiffs Michelle Young and Amanda Fries, respectively the surviving spouse and the daughter of the late Ernest Young, have sued Defendants Anadarko Petroleum Corp, Kerr-McGee Corp., Occidental Petroleum Corp., Sequoyah Fuels Corp., and General Atomics Corp., alleging that contamination at a uranium processing plant in Oklahoma led to Ernest's death. Defendants moved to dismiss the action on various grounds on October 21, 2022.

Plaintiff sought and obtained an extension of time to respond to the motions to dismiss. The Court directed that Plaintiff respond to the motions by November 14, 2022. On that date, Plaintiff filed an Amended Complaint which modifies her allegations against Defendants.

Fed. R. Civ. P. 15(a)(1)(B) allows an party to amend a complaint "once as a matter of course" within "21 days after service of a motion under Rule 12(b), (e), or (f)." "The filing of

an amended complaint will . . . ordinarily moot a pending motion to dismiss."[1]  The Advisory Committee Notes to the 2009 amendment to Rule 15 recognize that "[a] responsive amendment may avoid the need to decide the motion [to dismiss] or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim."[2]

The Amended Complaint was timely filed in light of the Court's Order.  "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]"[3]  Pursuant to this rule, courts may for good cause extend the time for filing an amended complaint under Rule 15(a)(1)(B).[4]

Here, Plaintiffs asked for an extension of time to respond to the motions to dismiss, but did not expressly seek leave for filing of an amended complaint.  However, as noted earlier, the Advisory Committee Notes to Rule 15 expressly contemplate the filing of "[a] *responsive amendment*" after a motion to dismiss.  "Because an amended complaint is a recognized 'response' in the motion to dismiss context," an order extending time under Rule 15 will "not limit 'responses' to briefs in opposition."[5]  The Amended Complaint was timely filed as a matter of course, and the Court will deny the pending motions to dismiss without prejudice.

---

[1] *Basic Water Co. v. South West Enterp. Holdings*, 2022 WL 489834, at *3 (D. Nev. 2022) (citing *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015)).

[2] Fed. R. Civ. P. 15, Advisory Committee Notes 2009.

[3] Fed. R. Civ. P. 6(b)(1)(A).

[4] *Quinones-Pimentel v. Cannon*, 2021 WL 4056305, at *3 (D. Puerto Rico 2021); *Hurd v. NDL, Inc.*, 2012 WL 642425, at *1 (D. Md. 2012); *Schwartz v. Chase Home Finance*, LLC, 2010 WL 5151326, at *2 (D. Az. 2010); *Garcia v. Rosario*, 2010 WL 3724281, at *1 (D. Conn. 2010);

[5] *Hunter v. Dematic USA*, 2016 WL 2904955, at *5 (D.N.J. 2016)

**IT IS THEREFORE ORDERED** that Defendant's Motions to Dismiss (Docs. 12, 13, and 14) are denied without prejudice as moot.

**IT IS SO ORDERED**.

Dated this 17th day of November, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE