IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERNEST JAMES YOUNG, through Surviving spouse, Michell Young; and Daughter and heir, Amanda Fries, <br><br> Plaintiff, <br><br> v. <br><br> SEQUOYAH FUELS CORP, and QUIVIRA MINING CORP., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 22-cv-280-EFM-GLJ |

## ORDER

This matter comes before the Court on Defendants' Motion to Strike Plaintiffs' Purported "Supplemental" Expert Report of James Clark [Docket No. 126]. On May 22, 2023, this case was referred to the undersigned Magistrate Judge for all pretrial and discovery matters, in accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. *See* Docket No. 77. For the reasons set forth herein, Defendants' Motion to Strike Plaintiffs' Purported "Supplemental" Expert Report of James Clark [Docket No. 126] is GRANTED.

**Procedural Background**

Plaintiffs filed the underlying lawsuit alleging that Ernest James Young's death from pancreatic cancer was caused by his exposure to radioactive contaminants that were released by the Defendants' negligent operation of a uranium processing plant in Gore,

Oklahoma, near where Mr. Young grew up. On October 3, 2024, the Court entered the Second Amended Scheduling Order, which required Plaintiffs to identify and provide expert reports under Fed. R. Civ. P. 26(a)(2) by December 6, 2024, and for Defendants to provide rebuttal expert identification and reports by January 22, 2025. *See* Docket No. 101. On December 6, 2024, Plaintiffs disclosed and provided the expert report of James Clark, Ph.D. ("December Report"). *See* Docket No. 126, Ex. 1. Defendant's rebuttal expert report deadline was subsequently extended to February 3, 2025. *See* Docket No. 108. On February 3, 2025, Defendants disclosed and provided the expert report of Alan Fellman, Ph.D., C.H.P. ("Dr. Fellman's Report"). *Id*., Ex. 2. On March 6, 2025, Plaintiffs submitted a report entitled, Supplemental Opinions of James Clark, Ph.D. ("March Report"). *Id.*, Ex. 3. On March 13, 2025, the Court entered the Third Amended Scheduling order, extending the discovery deadline to June 13, 2025 as well as extending certain other deadlines, but otherwise did not change the deadlines related to the expert disclosures in the Second Amended Scheduling Order. *See* Docket No. 130

    Defendants move to strike the March Report pursuant to Fed. R. Civ. P. 37(c)(1), arguing it is an improper attempt to supplement the December Report because it is an unauthorized sur-rebuttal expert report. Plaintiffs respond that Fed. R. Civ. P. 26(a)(2) expressly provides for rebuttal expert disclosures, that the March Report was a proper supplemental expert report under Rule 26(e)(2), and Defendants suffer no prejudice, there is the ability to cure any prejudice, it will not disrupt the trial and Plaintiffs acted in good faith. *See* Docket No. 133.

2

## Analysis

**I.     Expert Report Supplementation Standards**

Rule 26(a)(2) of the Federal Rules of Civil Procedure provides that a party must disclose to all other parties the identity of any person who may be used at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.  *See* Fed. R. Civ. P. 26(a)(2)(A).  With respect to expert witnesses, Rule 26 further provides that "[u]nless otherwise stipulated or ordered by the court, . . . the disclosure must be accompanied by a written report . . . if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).  This expert report must include (1) a complete statement of all of the witness's opinions; (2) the facts or data considered by the witness in forming those opinions; (3) any exhibits that will be used to summarize or support the opinions; (4) the witness's qualifications; (5) a list of other cases in which the witness testified as an expert in the last four years; and (6) a statement of the compensation to be paid to the expert witness.  *See* Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). "A party's failure to do so results in the exclusion of any opinions not properly disclosed, unless the party's failure is harmless or substantially justified."  *Kizzia v. Electrolux North America, Inc.*, 2012 WL 540563, at *1 (E.D. Okla. Feb. 17, 2012) (quoting *Hayes v. Smithkline Beecham Corp.*, 2009 WL 3415210, at *1 (N.D. Okla. Oct. 22, 2009) (citing Fed. R. Civ. P. 37(c)(1); *Keach v. United States Trust Co.*, 419 F.3d 626, 641 (7th Cir.2005)).

Under Rule 26, experts are required to supplement their reports "in a timely manner" when they learn that the report, in some material respect, is incomplete or

incorrect. *See* Fed. R. Civ. P. 26(e)(1)(A). This includes when there are "changes in the opinions expressed by the expert . . . ." *Id*. advisory committee's note to 1993 amendment. "While supplementation is required, it is not an invitation to substantially change or bolster opinions with information that should have been included in the original report." *Oneok Rockies Midstream, L.L.C. v. Great Plains Technical Services, Inc.*, 2021 WL5851446, at *2 (N.D. Okla. Dec. 19, 2021) (citing *Glob. One Eng'g, LLC v. Sitemaster, Inc.*, 2016 WL 6769120, at *3-4 (N.D. Okla. Nov. 15, 2016). "The purpose of supplementation is to allow for correction of inadvertent errors in timely filed reports, 'not to allow a party to engage in 'gamesmanship' — creating a 'new and improved' expert report in order to gain tactical advantage . . . .'" *Id*. (quoting *Rodgers v. Beechcraft Corp.*, 2016 WL 7888048, at *2-3 (N.D. Okla. Sept. 20, 2016) (quoting *Gallagher v. S. Source Packaging, LLC*, 568 F. Supp. 2d 624, 631 (E.D.N.C. 2008)). As courts in the Tenth Circuit have noted numerous times:

> A supplemental expert report that states additional opinions or rationales or seeks to "strengthen" or "deepen" opinions expressed in the original expert report exceeds the bounds of permissible supplementation and is subject to exclusion under Rule 37(c)(1). "To rule otherwise would create a system where preliminary [expert] reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could 'supplement' existing reports and modify opinions previously given. This result would be the antithesis of the full expert disclosure requirements stated in Rule 26(a).

*Id*. (quoting *Palmer v. Asarco Inc.*, 2007 WL 2254343, at *3-4 (N.D. Okla. Aug. 3, 2007) (quoting *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1169 (D. Colo. 2006)). *See also Kizzia*, 2012 WL 540563, at *1 (E.D. Okla. Feb. 17, 2012); *Nat'l Credit Union Admin. Bd. v. UBS Securities, LLC*, 2016 WL 3686300, at *2 (D. Kan. Feb. 25, 2016)

("This court has made clear that Rule 26(e)(2) does not permit a party to use the supplementing procedure to submit a report not based on new information. Rather, 'supplementation may only be based upon additional or corrective information that was unavailable when the expert made his or her initial report.'" (quoting *Sibley v. Sprint Nextel Corp.*, 2013 WL 1819773, at *3 (April 30, 2013)). Moreover, "[a]llowable 'new information' does not include a response to another expert's report in a supplemental report if the information was available when the original report was due." *Spirit Aerosystems, Inc. v. SPS Technologies, LLC*, 2013 WL 6196314, at *7 (D. Kan. Nov. 27, 2013).

## II. Propriety of Dr. Clark's March Supplemental Report

Defendants argue Dr. Clark's March Report is an improper supplement because it does not correct any inaccuracies or complete an incomplete disclosure in his December Report. Instead, Defendants argue, Dr. Clark's March report adds a completely new analysis regarding Mr. Young's radionuclide absorption and exposure and offers four or five new sweeping opinions.

In response, Plaintiffs first argue Rule 26(a)(2)(D)(ii) expressly allows rebuttal reports and that the March Report was Dr. Clark's rebuttal response to criticisms set out in Dr. Fellman's Report. Plaintiffs next argue that Dr. Clark's March Report was an appropriate supplement to his December Report because he simply filled in an incomplete aspect of his December Report – calculated the previously uncalculated radionuclide absorption in Mr. Young's cremains. Finally, Plaintiffs argue that Dr.

5

Clark's March Report was timely because Rule 26(a)(3) provides for such supplement no later than the required pretrial disclosures. *See* Docket No. 133, pp. 5-6.

The undersigned Magistrate Judge disagrees with Plaintiffs' arguments. First, Plaintiffs are incorrect that Rule 26(a)(2)(D)(ii) allows Dr. Clark's March Report as a rebuttal report or up to the time of pretrial disclosures. The plain language of the Rule states that "[a] party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). The Second Amended Scheduling Order clearly set forth the schedule and sequence of the expert disclosures and Plaintiffs sought neither to amend the schedule nor leave to file the March Report.

Second, Dr. Clark's March Report was not a proper supplement to his December Report. In the December Report, Dr. Clark opined that Mr. Young's cremains contained from 2 to 4.5 times as much radiation when compared to the average value in cremains of other Colorado residents. *See* Docket No. 126, Ex. 1 at p.41. In his March Report, Dr. Clark took the additional step of calculating the additional radiation exposure by year experienced by Mr. Young based on the analysis of radiation in Mr. Young's cremains as compared to other Colorado residents. *Id.*, Ex. 3 at Ex. 3. As a result, Dr. Clark's March Report sought to strengthen or deepen his opinions expressed in his December Report by responding to Dr. Fellman's criticisms. Indeed, Plaintiffs explicitly concede this point in their Response when they argue that Dr. Clark's new quantification of Mr. Young's radiation exposure was "directly responsive to Defendants' rebuttal expert, Dr. Fellman", that Dr. Clark's March Report "expanded on his previous findings", and the March Report "directly responds to [Dr. Fellman's] critique." *See* Docket No. 133, pp. 2, 4-5.

6

Plaintiffs do not, however, identify any new information or information that was not available to Dr. Clark when he prepared his December Report upon which he bases his radiation exposure calculation in the March Report. From the March Report, Dr. Clark clearly used the analysis of Mr. Young's cremains as compared to the Ibrahim and Simon comparative studies that were available to and referenced by him when preparing the December Report in performing his radiation exposure calculations. Responding to criticism in Dr. Fellman's Report is not relying on new information. *See Spirit Aerosystems, LLC*, 2013 WL 6196314, at *7 (D. Kan. Nov. 27, 2013). The expert disclosure requirements of Rule 26 are clear and a "litigant who fails to comply with these requirements does so at his own peril." *The Quapaw Tribe of Okla. v. Blue Tee Corp*, 2010 WL 3909204, *6 (N.D. Okla. Sept. 29, 2010) (quoting *Cohlmia v. Ardent Health Services, LLC*, 254 F.R.D. 426, 429 (N.D. Okla. 2008). As such, Dr. Clark merely attempts to "strengthen" or "deepen" his opinion expressed in the December Report by making calculations that he could have made in the December Report. Thus, Dr. Clark's March Report exceeds the bounds of permissible supplementation and is subject to exclusion under Fed. R. Civ. P. 37(c)(1).

### III.     Whether a Rule 26(a) Violation is Justified or Harmless

"Rule 26(a)(2)'s requirements 'are mandatory and self-executing.'" *Kern River Gas Transmission Co. v. 6.17 Acres*, 156 Fed. Appx. 96, 102 (10th Cir. 2005) (unpublished) (quoting *Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 59 (1st Cir. 2001)). Under Rule 37(c)(1), a party's failure "to provide information or identify a witness as required by Rule 26(a) or (e)" means that "the party is not allowed to use that

information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quotation marks and citation omitted). The following factors guide district courts in reaching this determination: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id*. (citations omitted).

Defendants argue they are prejudiced because of the late disclosure of Dr. Clark's opinions in the March Report and because they will have to seek leave to file a sur-sur rebuttal report. Plaintiffs argue that Defendants will not suffer any prejudice or, to the extent they do, it is easily curable because the discovery deadline was extended by ninety days. While Plaintiffs are correct that the discovery and related deadlines were extended, the expert disclosure and rebuttal deadlines were not. This is precisely the danger the court warned of "where preliminary [expert] reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could 'supplement' existing reports and modify opinions previously given." *Oneok Rockies Midstream*, 2021 WL5851446, at *2 (N.D. Okla. Dec. 19, 2021) (quoting *Palmer*, 2007 WL 2254343, at *3-4 (N.D. Okla. Aug. 3, 2007) (quoting *Cook*, 580 F. Supp. 2d 1071, 1169 (D. Colo. 2006)).

It is apparent that permitting Dr. Clark's March Report will likely disrupt the trial of this case. While Plaintiff is correct that pretrial conference and trial dates have not yet been set, the Third Amended Scheduling order established all other dates to efficiently move this case towards trial, including deadlines for motions in limine and Daubert motions, deposition designations and counter designations, and trial briefs. Allowing the March Report and the likely necessary sur-sur report from Dr. Fellman will necessarily disrupt this schedule. This case has been pending for over three years and, as the undersigned Magistrate Judge informed the parties at the March 13, 2025 hearing on Defendants' Motion to Compel and Motion to Stay Scheduling Order Pre-Trial Deadlines or in the Alternative Motion to Extend Scheduling Order Dates, there will likely be no more extensions to the scheduling order. *See* Docket No. 136, p. 36, lns. 11-14.

Lastly, Defendants argue that Plaintiffs' conduct is willful and involves gamesmanship because Dr. Clark could have performed the radionuclide absorption analysis as part of his December Report but chose to do so only after Dr. Fellman's critique in his rebuttal report. Plaintiffs respond that they provided the supplement shortly after Dr. Clark performed his new calculations but otherwise do not offer any explanation for why such analysis was not included in the December Report. While the undersigned Magistrate Judge cannot say that Plaintiffs are engaging in gamesmanship with the untimely submission of Dr. Clark's March Report, it is apparent that Dr. Clark acted willfully in that he knew or should have known that his opinions regarding Mr. Young's radiation exposure would be stronger if accompanied by a radionuclide absorption analysis. As a result, permitting the March Report risks delaying the trial of

this matter and drawing out the expert disclosure process. This is inconsistent with the directives of Federal Rule of Civil Procedure, and it is inconsistent with the "orderly conduct of litigation," which "demands that expert opinions reach closure." *Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1334 (10th Cir. 2004); *see also Dixie Steel Erectors, Inc. v. Grove U.S., L.L.C.*, 2005 WL 3558663, at *8 (W.D. Okla. Dec. 29, 2005) ("Where . . . a significant violation of the Rule 26(a)(2) expert reporting requirement has been clearly established, involving opinions, data, testing or analysis that could have been included in the original report, the court should not, absent extraordinary circumstances, allow the violation to be cured by permitting the submission of a supplemental report after the violation has occurred.").

      Therefore, the undersigned Magistrate Judge finds that Plaintiffs' Rule 26 violations are neither justified nor harmless. As authorized by Rule 37(c)(1), the undersigned Magistrate Judge determines that the appropriate remedy is to strike Dr. Clark's March Report and prohibit the use of Dr. Clark's opinions therein in any motion, hearing or at trial.

## Conclusion

Accordingly, as set forth herein, Defendants' Motion to Strike Plaintiffs' Purported "Supplemental" Expert Report of James Clark [Docket No. 126] is GRANTED.

IT IS SO ORDERED this 2nd day of June, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**