# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ERNEST JAMES YOUNG, through** | ) | |
| **Surviving spouse, Michell Young; and** | ) | |
| **Daughter and heir, Amanda Fries,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 22-cv-280-EFM-GLJ** |
| | ) | |
| **SEQUOYAH FUELS CORP, and** | ) | |
| **QUIVIRA MINING CORP.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

This matter comes before the Court on Plaintiffs' Motion to Stay Taxation and Enforcement of Costs and to Stay Proceedings to Enforce Judgment Pending Appeal [Docket No. 211].   On January 14, 2026, the present Motion was referred to the undersigned Magistrate Judge for final disposition pursuant to 28 U.S.C. § 636(b)(1).  *See* Docket No. 216.  For the reasons set forth herein, Plaintiffs' Motion to Stay Taxation and Enforcement of Costs and to Stay Proceedings to Enforce Judgment Pending Appeal [Docket No. 211] is DENIED.

### Procedural Background

Plaintiffs filed the underlying lawsuit alleging that Ernest James Young's death from pancreatic cancer was caused by his exposure to radioactive contaminants that were released by the Defendants' negligent operation of a uranium processing plant in Gore,

Oklahoma, near where Mr. Young grew up.  On December 1, 2025, the Court entered a Memorandum and Order granting Defendants' joint motion to exclude the expert testimony of James Clark and Jody Laitmer and granting the Joint Motion for Summary Judgment. *See* Docket Nos. 204 & 205.  On December 15, 2025, both Defendants sought taxation of allowable costs against Plaintiffs pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54 and LCvR 54.1.  *See* Docket Nos. 206-208.  On December 9, 2025, Plaintiffs objected to Defendants' requests for allowable costs.  *See* Docket Nos. 209 & 210.  Plaintiffs filed their Notice of Appeal on December 30, 2025.  *See* Docket No. 212.

Plaintiffs seek an order from the Court staying the consideration of the taxation of costs and staying any enforcement proceedings for any award and judgment of costs, and seek to defer any security determination until costs have been determined or setting a limited bond proportionate to the relief sought in the cost award.

## Analysis

### I.    Stay of Consideration of Award of Costs or Enforcement of Such Award

"A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant."  *Nken v. Holder*, 556 U.S. 418, 427 (2009) (internal citations and quotations omitted); *Phillips v. U.S. Army Corps of Engineers*, 2023 WL 7474408, at *2 (10th Cir. June 27, 2023) (citing and quoting *Nken*, 556 U.S. at 427–28).  A stay is ultimately "'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" *Nken*, 556 U.S. at 433 (quoting *Virginian*

*Ry. Co. v. United States*, 272 U.S. 658, 672–73(1926)). The party requesting the stay bears the burden of showing that a stay is warranted. *Nken*, 556 U.S. at 433–34.

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see also* 28 U.S.C. § 1920 and LCvR 54.1. The award of costs is within "the court's sound discretion," but "the established rule is that costs are generally awarded to the prevailing party." *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004; *Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 722 (10th Cir. 2000).

The standard for a stay regarding equitable relief is governed by Federal Rule of Civil Procedure 62(c) and (d). Rule 62(c) provides that "an interlocutory or final judgment in an action for an injunction" will not be stayed after it is entered, even if an appeal is granted, unless the court orders otherwise. Fed. R. Civ. P. 62(c)(1). Rule 62(d) allows a court to suspend, restore, modify, or grant an injunction—on terms that secure the opposing party's rights—while an appeal is pending from a final judgment granting, modifying, or refusing an injunction. Fed. R. Civ. P. 62(d).

A court must consider four factors in determining whether a stay is warranted: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the say will substantially injure the other parties interested in the proceeding; and (4) where the public risk lies.'" *Nken*, 556 U.S. at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770 (1987)). *See also First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141

(10th Cir. 2017); 10th Cir. R. 8.1.2. The first two factors are the most critical in determining whether a stay is appropriate. *Nken*, 556 U.S. at 434.

Plaintiffs argue the success on the merits of their appeal simply as "it is logically impossible" that there is "no appellate risk of a reversal" and there exists "substantial issues on appeal" although none are identified. *See* Docket No. 211, pp. 3-4. In its Reply brief, for the first time Plaintiffs attempt to argue the merits of their appeal by setting out the grounds for their appeal. *See* Docket No. 220. "Generally, arguments raised for the first time in a reply brief are waived, and the Court will not consider them." *Beyer v. United States*, 2023 WL 8761678, at *3 (D. Kan. Dec. 19, 2023) (citing *Minshall v. McGraw Hill Broad Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003); *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) ("[A] party waives issues and arguments raised for the first time in a reply brief"). Nonetheless, success on the merits requires "more than a possibility of relief," or chances that are "better than negligible." *Nken*, 556 U.S. at 434. "Rather, the moving party must show that it is likely to succeed on the merits of its claim." *Brent Elec. Co., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 584*, 2024 WL 66039, at *2 (N.D. Okla. Jan. 5, 2024) (citing *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1282 (10th Cir. 2016) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (rejecting deviations from the preliminary injunction test and defining the success on the merits prong as "likely to succeed")). Plaintiffs' argument is essentially that it is *possible* that the Court's orders excluding Plaintiffs' expert witnesses and granting summary judgment *could* be reversed on appeal, but they offer no substantive basis for even this hypothetical possibility. In their Reply, Plaintiffs argue that the Court erred because it

misapplied the Clark-Ibrahim comparison, erroneously excluded Dr. Clark's purported supplemental report, and improperly discounted Dr. Clark's dose-reconstruction analysis. *See* Docket No. 220, pp. 2-3. Although they now set out the issues raised on appeal, Plaintiffs set forth only the conclusory assertions that the Court was wrong. *See*, *e.g.*, *United States v. Various Tracts of Land in Muskogee & Cherokee Ctys.*, 74 F.3d 197, 198 (10th Cir. 1996) (conclusory arguments on merits are insufficient for appellant to show likely to succeed on merits or irreparably harmed). As such, Plaintiffs plainly fail to meet their burden of making a strong showing they will likely succeed on the merits on appeal.

Plaintiffs' only argument for irreparable injury absent the stay is that an award of costs risk collateral enforcement, repayment disputes, and litigation. *See* Docket No. 211, p. 4. "A showing of irreparable harm requires 'certain and great' injury that is 'not merely serious or substantial.'" *Brent*, 2024 WL 66039, at *3 (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1262-63 (10th Cir. 2004); citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough," and asserting that temporary loss of income is not irreparable harm); *Nken*, 556 U.S. at 434 ("simply showing some possibility of irreparable injury fails to satisfy the [irreparable injury] factor") (internal quotations and citations omitted)). The harm must be concrete, and it must pose such a significant risk that it cannot be undone or corrected by future money damages. *See DTC Energy Grp., Inc. v. Hirschfeld*, 912 F.3d 1263, 1270 (10th Cir. 2018) (affirming district court's denial of preliminary injunction based in part on speculative harm, including possible loss of customers, possession of trade secrets, and

5

unfair competition, that could result without an injunction). Plaintiffs again raise new arguments in their Reply, arguing such normal collection activities as recording judgments or filing judgment liens constitute irreparable harm. Even if considered, however, Plaintiffs do not explain how such common collection actions create "'certain and great' injury that is 'not merely serious or substantial.'" *Brent*, 2024 WL 66039, at *3. Similarly, Plaintiffs' new argument that a cost judgment would deprive them of control of property is misplaced. *See* Docket No. 220, pp. 4-5. A money judgment is not the same as deprivation of property. As such, Plaintiffs fail to meet their burden and offer no basis why any collateral enforcement action would result in harm that could not be corrected by future money damages.

Plaintiffs also fail to meet their burden as to the third and fourth factors. Plaintiffs argue that a stay will not extinguish Defendants' ability to seek allowable costs if they prevail on appeal and would therefor avoid duplicative collateral disputes. While a stay would not extinguish Defendants right to recover their costs, it would certainly delay such right. Moreover, Plaintiffs offer nothing to support their contention that a stay would avoid duplicative collateral disputes. Indeed, the interests of judicial economy support denying a stay as any appeal of the costs award could be addressed in a single appeal as such collateral orders are immediately appealable with the underlying judgment. *See*, *e.g.*, *Tilgham v. Kirby*, 2016 WL 11473558, at * 3 (W.D. Okla. June 21, 2016) (citing *Holley v. Giles Cty., Tenn.*, 2005 WL 2230081 at *2 (M.D. Tenn. Sept. 12, 2005) (denying stay of imposition of taxation of costs pending appeal on grounds of judicial economy noting that "with prompt taxation, any appeal from the award of costs could feasibly be consolidated

with the pending appeal on the merits, thereby enhancing judicial efficiency") (internal quotation marks and citation omitted)).  Therefore, Plaintiff's motion to stay the award of costs or, if costs are awarded, any enforcement proceeding on the award of costs is denied.

## II.     Defer Establishing or Limiting the Supersedeas Bond

Plaintiffs also seek to defer any security determination until costs have been determined or setting a limited bond proportionate to the relief sought in the cost award. *See* Docket No. 211, p. 4.  First, as noted above, a stay of the determination of the cost award should be denied.  Moreover, to the extent a cost award is granted, Rule 62(d) of the Federal Rules of Civil Procedure allows a party to stay execution of a judgment while a case is on appeal by posting a supersedeas bond.  *Metz v. United States*, 130 F.R.D. 458, 459 (D. Kan. March 27, 1990).  "The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d);

The purpose of a supersedeas bond is to protect the successful litigant by securing the full amount of a money judgment while a case is on appeal.  *Dutton v. Johnson County Bd. of County Comm'rs*, 884 F.Supp. 431, 435 (D. Kan. 1995).  District courts have the inherent authority to waive the requirement of a supersedeas bond or to reduce the amount of the bond to prevent irreparable harm to the judgment debtor.  *Miami Intern. Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986).  However, "[i]n most circumstances, a court sets the amount of the bond to cover the full judgment, including costs, interests, and damages for delay."  *Farm Bureau Life Ins. Co. v. American Nat. Ins. Co.*, 2009 WL 961171, at *1 (D. Utah April 8, 2009); (citing *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006); *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1559 (10th Cir. 1996); 11 Charles

Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2905 (2d ed. 1995)). Courts have the discretion to reduce or waive the security required pursuant to Rule 62(b) only in unusual circumstances. *Id*. (citing *Miami Intern. Realty*, 807 F.2d at 873). "In most cases, courts are simply unwilling to accept a bond that represents less than the full amount of assessed judgment." *Id*. (citations omitted). "It is incumbent upon the moving party to objectively demonstrate good cause for any departure from this general rule." *Metz*, 130 F.R.D. at 459. Plaintiffs offer no basis at this time of meeting their burden of demonstrating objectively that posting a full supersedeas bond would be impossible or impractical, or for any reason for the Court to depart from the general rule. *Farm Bureau Life Ins. Co.*, 2009 WL 961171, at *1; *Miami Intern. Realty*, 807 F.2d at 873.

## Conclusion

Accordingly, as set forth herein, Plaintiffs' Motion to Stay Taxation and Enforcement of Costs and to Stay Proceedings to Enforce Judgment Pending Appeal [Docket No. 211] is DENIED.

IT IS SO ORDERED this 27th day of January, 2026.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**

8